**C. G. KERSHAW CONTRACTING CO. v. CITY OF CROWLEY et al.**

**No. 1174.**

Court of Appeal of Louisiana. First Circuit.

June 30, 1933.

Pugh & Buatt, of Crowley, for appellant. Medlenka & Bruner, of Crowley, for appellee City of Crowley.

Polk & Robinson, of Alexandria, for appellee L. M. Harper.

MOUTON, Judge.

In June, 1931, plaintiff company entered into a contract with the city of Crowley to build a city hall.

A contract was also entered into by the city with L. M. Harper for the plumbing of the building.

Plaintiff company refused to put conductor pipes in the building, claiming that it was not required by its contract to install these pipes, and the plumber, L. M. Harper, likewise refused to do' that work, contending that he was not so obligated under his contract with the city.

As this work was urgent for the drainage of the water from the roof of the building, the city had it installed by another contractor at the cost of $202.50, which amount it withheld from the estimates of plaintiff, general contractor, and Harper, the plumber.

Plaintiff company brought this suit against the city of Crowley for, the $202.50, claiming that it had no right to withhold that amount.

The city filed its answer, denying liability to plaintiff company, and asking that Harper be made a party to the proceedings.

Harper appeared in the suit, contending that the city had no right to make this deduction of $202.50 from his estimates, asked for judgment against the city, in that amount, and, in the alternative, against plaintiff company for that sum.

The district-judge rendered judgment in favor of Harper for the amount claimed and rejected the demand of plaintiff company, the appellant.

The city of Crowley entered into the contract for the erection of this city hall with plaintiff company, as main contractor. The building was to be erected according to the plans and specifications to be furnished by W. T. Nolan, architect.

In the contract between the city and plaintiff company is the following clause: "The decision of the Architect as to the proper interpretation of drawings and specifications shall be final."

In the contract between L. M. Harper, plumber, and the city of Crowley, we find 'the same clause.

Plaintiff company and Harper were there-' fore bound under this clause of their contract to the interpretation that could be given by Nolan, architect, of these drawings and specifications.

Counsel for plaintiff contends that this clause or stipulation is not binding on plaintiff company, and, in support of this contention, relies on the case of Fritz Jahncke, Inc., v. Fidelity & Deposit Co., 166 La. 593, 117 So. 729.

In that case, a contract was entered into between Thatcher & Son and the Benevolent Association of Elks for the erection of a building in the city of New Orleans. In the contract there was a clause declaring that the architect's decision in any dispute respecting the drawings or specifications should be final and conclusive. In that case W. H. Bond & Bro. were claiming remuneration for extra work done as subcontractors.

The court found that, under article 21 of the contract between John Thacher and Bond & Bro., there was a stipulation that, if the subcontractors failed to agree to any matters in the contract, the dispute should be referred to a board of arbitrators, its decision to be binding on the parties to the contract.

There is no such provision in the instant case relegating the decision of any disagreement to a board of arbitrators. Nolan, the architect, was made the final arbiter in the interpretation of the contract made between the city, plaintiff company, and Harper, as plumber.

The clause in the contracts before referred to is therefore binding on plaintiff company and Harper.

In Fritz Jahncke, Inc., v. Fidelity & Deposit Co., 166 La. 593, 117 So. 729, 734, the court said:

"An architect is a person skilled in the art of building, is the recognized head of the building trade, and is supposed to be skilled in the art of planning and designing structures of every description. 2 Am. & Eng. Ency. of Law, p. 815.

"Where, therefore, the parties have agreed to abide by the decision of an architect, the courts will hesitate, in the interpretation of the contract, to set aside the architect's ruling, unless manifestly arbitrary, or is shown to have been rendered in bad faith."

L. M. Harper, the plumber, before refusing to install the conductor pipes in the building, addressed a letter to Nolan, the architect, in reference to the subject.

The answer of the architect was that, under his contract with the city, he was not under the obligation of doing that work which had to be done by plaintiff company under its contract with the city.

As a witness in the case, Mr. Nolan testified to the same effect, and with positiveness. He gave his reasons for his interpretation of the contract and why the obligation of installing the conductor pipes rested upon the plaintiff company.

Several witnesses testifying for plaintiff, and competent to testify on the question at issue, said that the installation of the conductor pipes was an obligation that fell on Harper, as plumber, under his contract. Oth-

er witnesses introduced by defendant, and equally qualified, testified to the contrary, holding to the interpretation of the contract given by Nolan, architect.

■ Such a divergence of opinion among experts indicates very strongly that the ruling of the architect was not "manifestly arbitrary" or was "rendered in bad faith"; and there is nothing in the evidence to lead us to that view.

Judgment affirmed.